FILED
2011 Mar-07 PM 12:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JEROME WILLIAMS**          ) | |
| ) | |
|    **Movant,**          ) | |
| ) | **Case Numbers:** |
| **vs.**          ) | **CV-10-CLS-RRA-8012-S** |
| ) | **CR-97-CLS-RRA-0377-S** |
| **UNITED STATES OF AMERICA,**          ) | |
| ) | |
|    **Respondent.**          ) | |

**MEMORANDUM OPINION**

This case is before the court on the motion to vacate, set aside or correct a sentence filed by Jerome Williams pursuant to 28 U.S.C. § 2255.[1] The magistrate judge entered a report and recommendation recommending that motion be denied because it is barred by the statute of limitations. Alternatively, the magistrate judge found that even if Williams' motion to vacate had been timely filed, it would be due to be denied on the merits. The movant has filed objections to the report and recommendation.

---

[1] Williams was convicted on his plea of guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113 (a) & (d)(Count 1); one count of carrying or using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(Count 2); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1)(Count 4).

In his objections, Williams first seeks to add additional grounds for relief.[2] Specifically, Williams seeks to make the following claims:

1. the judgment is void because the Department of Justice did not issue a letter of authorization to the local United States Attorney allowing his case to be submitted to a grand jury and because the United States did not own the property where his crimes were committed;[3] (Court Document 18[4] at 5-6)

2. the judgment is void because the Department of Justice did not issue a letter of authorization to the local United States Attorney allowing it to seek civil or criminal penalties against Williams, and because the

---

[2] Williams states that he would like to present the new claims pursuant to 28 U.S.C. § 2241. Because this action was brought pursuant to § 2255, he may not add claims pursuant to another statute. If Williams seeks to raise claims pursuant to § 2241, he may file a separate petition pursuant to § 2241. He should note, however, that such a petition is required to be filed in the district in which he is incarcerated.

[3] Williams claims that this violated Article I, Section 8, Clause 17 and Article IV, Section 3, Clause 2 of the United States Constitution. Article I, Section 8, Clause 17, of the Constitution provides that Congress shall have the power:

To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of Particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings .

Article IV, Section 3, Clause 2 provides that:

The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States; and nothing in this Constitution shall be so construed as to Prejudice any Claims of the United States, or of any particular State.

[4] Although this document was entitled, "Motion to Amended/and expanded the Record," the court treated it as objections, but allowed the movant one final opportunity to file any further objections he had.

President of the United States did not issue a "circular letter to the inferior tribunal to issue the process against" him;[5] (*Id*. at 7) and

3. the judgment is void because the justice department did not issue a letter of authorization to convene a grand jury.[6] (*Id*. at 8).

Like the original motion to vacate, any additional claims raised by the movant are also barred by the statute of limitations. Further, even if the claims were not barred by the statute of limitations, they are patently frivolous and would be due to be dismissed on the merits if they could be considered.

---

[5] Williams claims that this violated 16 U.S.C. § 431. That section provides:

**National monuments; reservation of lands; relinquishment of private claims**

The President of the United States is authorized, in his discretion, to declare by public proclamation historic landmarks, historic and prehistoric structures, and other objects of historic or scientific interest that are situated upon the lands owned or controlled by the Government of the United States to be national monuments, and may reserve as a part thereof parcels of land, the limits of which in all cases shall be confined to the smallest area compatible with the proper care and management of the objects to be protected. When such objects are situated upon a tract covered by a bona fide unperfected claim or held in private ownership, the tract, or so much thereof as may be necessary for the proper care and management of the object, may be relinquished to the Government, and the Secretary of the Interior is authorized to accept the relinquishment of such tracts in behalf of the Government of the United States.

[6] Williams claims that this violated 18 U.S.C. §§ 6001, 6002, and 6003 and that this violation "renders [his] imprisonment void" in violation of 18 U.S.C. § 4001. Title 18 U.S.C. §§ 6001 through 6003 deal with immunity of witnesses. Title 18 U.S.C. § 4001(a) provides that "[n]o citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress."

In his final objections, Court Document 20, Williams reiterates the new claims he raised in Court Document 18. He further states that he is appealing to the district judge, the magistrate judge's order denying his motion to stay the report and recommendation to allow him to add the additional claims raised in Court Document 18. Williams argues that the stay should have been granted to allow the respondent an opportunity to address his new claims. However, because the entire motion is barred by the statute of limitations and because the new claims are clearly frivolous, no purpose would be served in delaying the finality of this case to obtain a response to the time-barred, frivolous claims. Thus, the magistrate judge's order denying the motion to stay the report and recommendation is AFFIRMED.

Williams' "objections" do not contain anything that could be construed as an objection to any part of the magistrate judge's report and recommendation. The court has considered the entire file in this action, together with the report and recommendation and the objections, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved. Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court.

The motion to vacate is due to be DENIED because it is barred by the statute of limitations, and in the alternative, because the claims raised by the movant have no merit.  An appropriate order will be entered.

DONE this 7th day of March, 2011.

_____
United States District Judge